**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone, | No. CV 05-3736-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Karen Barklay, et al., | |
| Defendants. | |

Clinton Joseph Slone, a *pro se* state prisoner, filed an action in the Superior Court of Arizona alleging violations of his civil rights and state law. The Defendants removed the case and currently pending are Plaintiff's request for injunctive relief filed in state court (Dkt. #1), Defendants' Motion to Dismiss Plaintiff's state law claims (Dkt. #5), Plaintiff's Motion to File an Amended/Correct Complaint (Dkt. #13), and Defendants' Motion to Strike Plaintiff's response to the Motion to Dismiss (Dkt. #21). Plaintiff's request for injunctive relief will be denied without prejudice, Plaintiff's Motion to Amend will be granted, Plaintiff's Amended Complaint will be screened, and Defendants' Motions to Dismiss and to strike will be denied as moot. This case will proceed against Defendants Barcklay, Buffington, and Schriro as to Plaintiff's claims of deliberate indifference to his medical needs; all other claims and Defendants will be dismissed without prejudice.

**A.    Background**

In the state court, Plaintiff filed a Complaint against John Doe Med. Service, Karen Barcklay, M.D., and Susan Buffington, N.P., alleging medical negligence and deliberate

indifference to his medical needs in violation of the Eighth Amendment (Dkt. #1, exh. 1).[1] A summons was issued requiring the Defendants to file an answer, naming as Defendants John Doe Medical Services, Barcklay, Buffington, and Dora Schriro, Director of the Arizona Department of Corrections (Dkt. #1, exh. 3). Plaintiff also filed a Motion to Correct In-Advertent Error and to Amend Complaint, requesting to be allowed to replace John Doe Medical Services with Schriro as a Defendant (Dkt. # 1, exh. 5). Defendants removed the action to this Court and filed a Motion to Dismiss (Dkt. #1, 2, 5). Plaintiff objected to the removal, and filed a Motion to Amend his Complaint, attaching a proposed Amended Complaint (Dks. #11, 13).

**B.     Removal Law and Analysis**

Plaintiff objected to removal of his action to federal court, arguing that (1) his complaint stated a claim of medical negligence, (2) this Court is limited in its ability to grant preliminary injunctions, and (3) the notice of removal was untimely (Dkt. #11). Defendants respond that Plaintiff appears to be inadvertently waiving his federal claims and is forum shopping (Dkt. #16). Defendants argue that the action was properly removed, and this Court has pendent or supplemental jurisdiction over Plaintiff's state law claims (Id.).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court. . . [This] issue turns on whether the Complaint contained a claim that 'aris[es] under the Constitution, laws, or treaties of the United States.'" Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Plaintiff alleged that Defendants violated the Eighth Amendment of the United States as to his medical treatment. Thus, Plaintiff's original Complaint contained a claim arising under the Constitution and Defendants could properly remove the case to this Court, a fact this Court already noted in its order dated

---

[1] Sgt. Carlin and Deputy Warden Kline were incorrectly identified as Defendants but are not parties to this action.

1  December 21, 2005 (Dkt. #17).  Moreover, this Court has supplemental jurisdiction over
2  Plaintiff's state law claims.  <u>See</u> 28 U.S.C. § 1367 (providing that "in any civil action of
3  which the district courts have original jurisdiction, the district courts shall have supplemental
4  jurisdiction over all other claims that are so related to the claims in the original action within
5  such original jurisdiction that they form part of the same case or controversy").

6  Plaintiff's argument that the Notice of Removal was untimely is without merit.  A
7  "notice of removal of a civil action . . . shall be filed within thirty days after the receipt by
8  the defendant, through service or otherwise, of a copy of the initial pleading setting forth the
9  claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).
10 Defendants Barclay and Buffington were served with a summons on November 3, 2006, and
11 filed a Notice of Removal on November 16, 2006 (Dkts. ## 1; 13, exh. 1).  The Notice of
12 Removal was filed within 30 days of the service of summons upon Defendants and thus was
13 timely.

14 **C.     Motion to Amend**

15 Plaintiff filed a Motion for Leave to Amend his Complaint, attaching an Amended
16 Complaint (Dkt. #13).  Plaintiff asserts that he is attempting to correct the errors as pointed
17 out by Defendants (<u>Id.</u>).  Defendants argue that Plaintiff should not be allowed to amend his
18 Complaint because he is attempting to dismiss his Eighth Amendment claims and deprive
19 this Court of jurisdiction (Dkt. # 15).  Defendants assert that Plaintiff is merely attempting
20 to name the State of Arizona as a Defendant, which is barred by the Eleventh Amendment
21 (<u>Id.</u>).  Finally, the amendment does not result in Plaintiff stating a claim upon which relief
22 may be grated as to his state law claims (<u>Id.</u>).

23 After defendants have filed an answer, "a party may amend the party's pleading only
24 by leave of court; . . . and leave shall be freely given when justice so requires."  Fed.R.Civ.P.
25 15(a).  A motion to amend may be denied "if permitting an amendment would prejudice the
26 opposing party, produce an undue delay in the litigation, or result in futility for lack of
27 merit."  <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990).

28

1    Plaintiff sought to amend his Complaint in the state court in an attempt to name
2 Schriro as a Defendant, and named her in the summons (Dkt. #1). Defendants argue that
3 Plaintiff should not be allowed to amend his Complaint as he only seeks to add the State of
4 Arizona, who cannot be sued in this Court (Dkt. #15). However, Defendants argue that
5 Schriro is not a party to the instant action (Id.).

6    Plaintiff has been attempting to add Schriro to his suit since prior to removal from the
7 state court. Thus, such amendment would not prejudice any of the parties or cause undue
8 delay. Further, liberally construing the Amended Complaint, Plaintiff sufficiently alleges
9 that his constitutional rights were violated by Defendant Schriro's failure to train and provide
10 sufficient medical coverage. Accordingly, justice requires this Court to allow Plaintiff to
11 amend his Complaint.

12 **D.    Statutory Screening**

13    The Court is required to screen complaints brought by prisoners seeking relief against
14 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
15 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
16 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
17 may be granted, or that seek monetary relief from a defendant who is immune from such
18 relief. 28 U.S.C. § 1915A(b)(1),(2).

19    In his Amended Complaint, Plaintiff names as Defendants (1) the State of Arizona,
20 (2) Karen Barcklay, (3) Susan Buffington, and (4) Dora Schriro. Plaintiff asserts state law
21 medical negligence claims and alleges that his Eighth Amendment rights were violated. In
22 particular, Plaintiff alleges that he has suffered injuries to his right and left ankles; a torn
23 rotator cuff; injuries to his lower back, neck, and spine; appendicitis and subsequent
24 infections; and stroke-like symptoms which he believes is Ramsey Hunt Syndrome. Plaintiff
25 alleges that Defendants Buffington and Barcklay committed medical malpractice and were
26 deliberately indifferent to his medical needs due to their failure to properly diagnose and
27 treat him. Plaintiff also alleges that Defendant Schriro failed to properly train medical staff,
28

- 4 -

resulting in deliberate indifference to his medical needs (Dkt. #13, exh. 1). Plaintiff seeks monetary and other relief.

**E.     Failure to State a Claim.**

*1.     State Law Claims*

"Any and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." A.R. § 31-201.01. Thus, the only proper Defendant as to Plaintiff's state law claims is the State of Arizona. Accordingly, Plaintiff's state law claims as to Defendants Barcklay, Buffington, and Schriro will be dismissed without prejudice.

*2.     State of Arizona*

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, the State of Arizona must be dismissed. Plaintiff argues that he should be able to pursue his action against the State of Arizona in this Court because Defendants removed the case, and he is merely attempting to correct deficiencies in his original state Complaint (Dkt. #20). However, Plaintiff did not name the State of Arizona as an original Defendant, and the State of Arizona did not request removal. Accordingly, the State of Arizona is entitled to Eleventh Amendment immunity and will be dismissed from this action.[2]

**F.     Claims For Which An Answer Will be Required.**

At this early stage, Plaintiff has sufficiently alleged that Defendants Barcklay, Buffington, and Schriro were deliberately indifferent to his medical needs. Defendants will be required to answer the Amended Complaint, and Plaintiff will be required to effect service on Defendant Schriro.

---

[2] Notably, this finding does not prevent Plaintiff from refiling a medical malpractice action in state court against the State of Arizona.

- 5 -

**G.     Motion for Preliminary Injunction**

Plaintiff sought injunctive relief in the state court, requesting that a specialist examine, diagnose, and treat him (Dkt. # 1). Defendants argue that Plaintiff is not entitled to an injunction as the named Defendants have no power to provide Plaintiff with the requested relief as Plaintiff has been transferred to another facility (Dkt. #15 at 5). Moreover, Plaintiff has not show a link between any current medical problems and Defendants' conduct (Id. at 6-7). Defendants also maintain that Plaintiff has not established a meritorious claim for deliberate indifference to his medical needs (Id. at 7).

Defendants argue, and Plaintiff does not contest, that Plaintiff is no longer under the care of Defendants Barcklay and Buffington, the only parties to the action when he sought a preliminary injunction. Accordingly, Defendants are unable to obtain Plaintiff the requested examination, diagnosis, and treatment. Thus, Plaintiff's request for injunctive relief against Defendants Barcklay and Buffington will be denied without prejudice. Plaintiff may seek such relief against Defendant Schriro, who maintains authority and control over Plaintiff.

**H.     Warnings.**

*1. Address Changes*

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCIV 83.3(d). Plaintiff shall not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

*2. Copies*

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. LRCIV 5.4. The Court may strike any filing that fails to comply with these requirements.

*3. Possible dismissal*

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**I.     Motion to Dismiss**

Defendants filed Motion to Dismiss the state law claims, arguing that these claims should be dismissed because under state law, Plaintiff (1) may not pursue a state law medical negligent claim against individual Department of Correction employees, (2) failed to certify whether expert testimony would be necessary, and (3) failed to proper file a "Notice of Claim" (Dkt. # 5).

Plaintiff argued in response that he properly set forth a clam of negligence (Dkt. # 14). Plaintiff maintained that because the Defendants did not timely answer the Complaint, their Motion to Dismiss should be denied (Id.). Plaintiff asserted that his action was improperly removed, he filed a proper "Notice of Claim," he properly exhausted administrative remedies, discovery has not been completed, his Motion to Amend should be granted, and he is entitled to injunctive relief (Id.).

Defendants replied that they filed a timely answer, and Schriro was not required to file an answer as she is not a party to the action (Dkt. # 15). Defendants argue that they are entitled to a dismissal of Plaintiff's state law claims (Id.). Plaintiff replied, again arguing that the Defendants' answer was untimely (Dkt. #20). Defendants filed a Motion to Strike Plaintiff's reply as he already filed a responsive memorandum, and was not entitled to file a second one (Dkt. #21).

Because Plaintiff will be allowed to file an Amended Complaint, Defendants' Motion to Dismiss (Dkt. #5) will be denied as moot. Additionally, Defendants' Motion to Strike the Reply will be denied as moot.

- 7 -

**IT IS ORDERED** that

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Amend/Correct his Complaint (Dkt. #13). All other matters in this action shall remain with the Magistrate Judge for disposition as appropriate.

(2) Plaintiff's Motion to Amend/Correct (Dkt. # 13) is granted.

(3) Defendants' Motions to Dismiss (Dkt. #5) and Strike (Dkt. #21) are denied as moot.

(4) Plaintiff's Objections to Removal and Reply (Dkts. # 11, 20) are overruled. Plaintiff's action was properly removed.

(5) The Clerk of Court is directed to docket Plaintiff's Amended Complaint, attached to his Motion to Amend (Dkt. #13).

(6) Plaintiff's state law claims, and Defendant State of Arizona are dismissed without prejudice.

(7) Plaintiff's action will proceed as to Defendants Barcklay, Buffington, and Schriro on his claim of deliberate indifference to medical needs.

(8) The Clerk of Court shall send Plaintiff a service packet including the Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Schriro.

(9) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(10) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(11) The United States Marshal shall retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(12) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) **A Defendant who agrees to waive service of the Summons and Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(14) Defendant shall answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other

1  motion or paper that does not identify the specific Defendant by name on whose behalf it is
2  filed.
3     (16) Plaintiff's request for injunctive relief (Dkt. #1) is denied without prejudice.
4     DATED this 15th day of June, 2006.

_____
Mary H. Murguia
United States District Judge