**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Joseph Slone, ) | No. CV 05-3736-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Karen Barklay, et al., ) | |
| Defendants. ) | |

Clinton Joseph Slone, a *pro se* state prisoner, filed an Amended Complaint alleging deliberate indifference to his medical needs because (1) Defendant Dr. Karen Backlay failed to promptly and properly diagnose and treat his injured ankle; (2) Defendant Nurse Susan Buffington failed to promptly and properly diagnose and treat him for Ramsey Hunt Syndrome; and (3) Defendant Director of the Arizona Department of Corrections (ADC) Dora Schriro failed to provide sufficient staff and money so that Plaintiff could receive proper medical conditions (Doc. #24). Both parties have filed various and multiple motions. Among other rulings, the Court will deny Defendants' Motion to Dismiss, allow the case to proceed, and deny Plaintiff injunctive relief.

**I.  Motion to Dismiss**

Plaintiff filed an Amended Complaint alleging that Dr. Backlay, Buffington, and Schriro were deliberately indifferent to his medical needs (Doc. #24).  Defendants filed a Motion to Dismiss arguing that Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief could be granted, and Defendants are entitled to qualified immunity (Docs. ## 25, 51).  Defendants concede that Plaintiff filed inmate grievances, but argue that he did not name them in his grievances and his attempt to cover

their actions violated ADC rule that each grievance contain only one claim (Docs. ##25, 51). Plaintiff argued that he was not required to name individual Defendants in his grievances and that his grievances and the responses demonstrate that he provided sufficient facts for ADC to be able to determine what his complaints were (Docs. ##31, 58).

Initially, Plaintiff's Motion to File a Surreply (Doc. #43) will be granted. However, Defendants' Motion to File a Response to the Surreply (Doc. #49) will be denied as neither the surreply or any response thereto would affect the Court's decision.

**A.  Legal Standard**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006).  Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002).

The purpose of the exhaustion requirement is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005) (quoting Porter, 534 U.S. at 525). The inmate is not required to specifically identify the defendant in a grievance unless required to do so by the facilities grievance system. Jones v. Bock, Nos. 05-7058 & 05-7142, manuscript op. at 19 (U.S. Jan. 22, 2007). Notably, ADC grievance system does not require Plaintiff to specifically name the defendant.

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper

1 remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
2 without prejudice." Wyatt, 315 F.3d at 1120.

### B. Analysis

An ADC inmate wishing to grieve an issue regarding his medical diagnosis or treatment must first submit a complaint to their assigned Correctional Official III (CO III). The CO III is to seek a response from the appropriate medical staff, investigate and attempt to resolve the complaint. The inmate may appeal the CO III's response to the Institution/Unit Grievance Coordinator. The Grievance Coordinator forwards the grievance to the Facility Health Administrator, who attempts to resolve the issue. The inmate may appeal the Facility Health Administrator's decision to the Director, at which time the grievance is forwarded to the Deputy Director for Inmate Health Services. The Deputy Director investigates the grievance and prepares a response, which is forwarded to the Director. The Director's response is final.

### 1. Ankle

Plaintiff filed an inmate letter complaining about not being seen due for a recent injury to his left ankle (Doc. #25, ex. A). Plaintiff was provided a medical appointment, but filed a grievance regarding his delayed appointment (Id.). In his grievance, Plaintiff indicated that the doctor who examined him told him that he only has soft tissue injury (Id.). The grievance was appealed and the merits of Plaintiff's claim that he did not undergo an MRI was addressed (Id.). Based on the record, although Plaintiff failed to name Dr. Backlay in his grievance, he did indicate that he was dissatisfied with the treatment he received. Further, although Plaintiff filed his initial letter before he was seen by Dr. Backlay, his grievance did include his complaint regarding the treatment he received. Defendants' argument that Plaintiff improperly attempted to add claims to his grievance is without merit because, as noted by Plaintiff, ADC considered the merits of the "added claims" and did not indicate to Plaintiff that he failed to properly grieve these issues. In sum, ADC considered Plaintiff's complaints internally and Plaintiff provided sufficient facts so that ADC officials could determine that he was complaining about the treatment he received from Dr. Backlay. See

- 3 -

1   Jones, Nos. 05-7058 & 05-7142, manuscript op. at 19; Brown, 422 F.3d at 936.

2   **2. Ramsey Hunt Syndrome**

3   In July 2005, Plaintiff submitted an Inmate Letter regarding the medical treatment he
4   received for an alleged mild stroke (Doc. #25, ex. A). Plaintiff indicated that Buffington
5   examined him, but failed to properly treat him (Id.). Plaintiff proceeded to appeal the denial
6   of his grievances, thereafter failing to specifically name Buffington (Id.). However, Plaintiff
7   is not required to name specific individuals in his grievances in order to later name them in
8   a § 1983 action. Plaintiff provided sufficient information in his grievances to allow ADC to
9   consider his complaints internally and determine who allegedly provide insufficient medical
10  treatment See Jones, Nos. 05-7058 & 05-7142, manuscript op. at 19; Brown, 422 F.3d at 936.

11  **3. Failure to Provide or Fund Sufficient Medical Staff**

12  In June 2005, Plaintiff submitted an Inmate Letter complaining about his inability to
13  obtain medical attention from an alleged stroke (Doc. #25, ex. A). Plaintiff indicated that he
14  was denied prompt medical attention because there was not enough medical staff available
15  (Id.). This grievance was sufficient to put ADC on notice that Plaintiff was complaining
16  about insufficient medical staff due to a staffing or funding issue. This grievance was
17  appealed to the highest level. In sum, based on the evidence before the Court, Plaintiff
18  exhausted his administrative remedies as to the claims raised in the instant action.

19  **B. Failure to State A Claim/Qualified Immunity**

20  This Court has already determined that Plaintiff's Amended Complaint sufficient
21  states a claim. Thus, Defendants' Motion to Dismiss is more properly raised in a Motion to
22  Reconsider this Court's screening order. Motions for reconsideration should be granted only
23  in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz.
24  1995). "Reconsideration is appropriate if the district court (1) is presented with newly
25  discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
26  or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah
27  County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration
28  must be filed within ten days after the filing of the Order that is the subject of the motion.

1  LRCiv 7.2(g). Defendants' request is clearly untimely. Further, nothing in Defendant's
2  motion causes the Court to reconsider its prior determination. Accordingly, dismissal on this
3  ground will be denied.
4        Finally, Defendants argue that they are entitled to qualified immunity (Doc. #28). If
5  a defendant claims qualified immunity, the court must make two distinct inquires, the
6  "constitutional inquiry" and the "qualified immunity inquiry." See Estate of Ford v.
7  Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). The "constitutional inquiry" asks
8  whether, when taken in the light most favorable to the non-moving party, the facts alleged
9  show that the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S.
10 194, 201 (2001). If so, a court turns to the "qualified immunity inquiry" and asks if the right
11 was clearly established at the relevant time. Id. at 201-02. This second inquiry "must be
12 undertaken in light of the specific context of the case, not as a broad general proposition."
13 Id. at 201.
14       At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
15 violated and Plaintiff's Eighth Amendment rights as to deliberate indifference to medical
16 needs is clearly established. See Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v.
17 Gamble, 429 U.S. 97, 104-05 (1976). Accordingly, Defendants' request for reconsideration
18 will be denied.

19 **II. Motion for Injunctive Relief**

20       Plaintiff filed a Motion for Preliminary Injunction and to Show Cause arguing that he
21 is not receiving sufficient medical care (Doc. #28). Plaintiff believed that he was having a
22 heart attack and contacted medical (Id.). Upon examination, Buffington determined that
23 Plaintiff had Bells Palsy (Id.). Plaintiff, however, believed he had Ramsey Hunt (Id.).
24 Plaintiff was subsequently examined by Dr. Salwitz who originally believed Plaintiff had
25 Bells Palsy and subsequently changed the diagnosis to Ramsey Hunt Syndrome (Id.).
26 Plaintiff concedes that he is receiving treatment for Ramsey Hunt Syndrome, but argues that
27 he should be treated differently and by a specialist (Id.).
28       Initially, Plaintiff's Motion for Leave to File Excess Pages (Doc. #37) and

1 Defendants' Motion to File a Surreply (Doc. #40) will be granted. However, Defendants'
2 request to strike Plaintiff's exhibits will be denied. Plaintiff's Motion to Strike Defendants'
3 Reply (Doc. #53) will be denied.

4 To obtain a preliminary injunction or a temporary restraining order, Plaintiff must
5 demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable
6 injury to [him] if preliminary relief is not granted, (3) a balance of hardships favoring [him],
7 and (4) advancement of public interest (in certain cases)." Beardslee v. Woodford, 395 F.3d
8 1064, 1067 (9th Cir.) (citations omitted), cert. denied 543 U.S. 1096 (2005). Alternatively,
9 Plaintiff "must show either (1) a likelihood of success on the merits and the possibility of
10 irreparable injury or (2) the existence of serious questions going to the merits and the balance
11 of hardships tipping in [Plaintiff's] favor." Warsoldier v. Woodford, 418 F.3d 989, 993-94
12 (9th Cir. 2005) (citations omitted). Under either formulation of the test, Plaintiff must
13 demonstrate a significant threat of immediate irreparable injury. Midgett v. Tri-County
14 Metropolitan Transp. Dist. of Oregon, 254 F.3d 846, 850 (9th Cir. 2001).

15 Plaintiff maintained that Ramsey Hunt Syndrome is a serious medical condition and
16 if not properly treated will result in his disability, including the loss of senses. Plaintiff seeks
17 to have the Court order him examined and treated by a specialist. Plaintiff, however,
18 concedes that he is receiving treatment. Plaintiff's evidence in support of his claims
19 regarding the severe nature of his medical condition and the lack of proper treatment is based
20 on his mother researching the internet and talking to unidentified specialists. Plaintiff has
21 submitted no medical affidavits, merely indicating that they are available. Without any
22 medical evidence, particularly considering that Plaintiff is receiving treatment, Plaintiff
23 cannot demonstrate that he is under a significant threat of immediate irreparable injury.
24 Thus, Plaintiff's request for Injunctive Relief will be denied without prejudice. Plaintiff may
25 again seek injunctive relief if he can obtain the affidavits.

26 **III. Motion for Reconsideration/Objection to Magistrate Judge's Order**

27 Plaintiff filed a Motion for Leave to Amend, lodging a Second Amended Complaint
28 (Doc. #30). The Magistrate Judge denied the motion, determining that the Second Amended

Complaint was duplicative as it merely rearranged the facts as set forth in the First Amended Complaint (Doc. #57). Plaintiff filed a Motion to Reconsider and Objection, arguing that the Second Amended Complaint was an attempt to correct the deficiencies in his Amended Complaint (Docs. ##62, 63).

A district judge may reconsider a magistrate judge's order where "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A review of the First Amended Complaint and the Second Amended Complaint demonstrate that the magistrate correctly determined that the complaints were nearly identical. Plaintiff merely rearranged the facts slightly. Thus, the magistrate judge's order was not clearly erroneous and Plaintiff's motion to reconsider will be denied.

**IT IS ORDERED:**

(1) Defendants Motion to Dismiss (Doc. #25) is **denied**.

(2) Plaintiff's Motion for Preliminary Injunction and Order to Show Cause (Doc. #28) is **denied without prejudice.**

(3) Plaintiff's for Leave to File Excessive Pages (Doc. #37) and Motion to File a Surreply (Doc. #43) is **granted.**

(4) Defendants' Motion to File a Surreply (Doc. #40) is **granted.** Defendant's request to strike Plaintiff's exhibits is **denied.**

(5) Defendants' Motion to File a Response to the Surreply (Doc. #49) is **denied**.

(6) Plaintiff's Motion to Strike (Doc. #53) is **denied**.

(7) Plaintiff's Motion to Reconsideration (Doc. #62) is **denied.**

DATED this 12th day of February, 2007.

_____
Mary H. Murgula
United States District Judge