**WO**  SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. Trenton,      )<br>                   Plaintiff,   )<br>vs.                          )<br>Karen Barcklay, et al.,  )<br>                   Defendants. ) | No. CV 05-3736-PHX-MHM (DKD)<br><br>**ORDER** |

Plaintiff Joseph A. Trenton, who is confined in the Arizona State Prison Complex in Florence, Arizona, filed this civil rights action against Karen Barcklay and Susan Buffington, employees of the Arizona Department of Corrections (ADC), alleging deliberate indifference to serious medical needs. Defendants moved for summary judgment, and the Court granted the motion. (Doc. #115.) Plaintiff now moves for reconsideration. (Doc. #117.)

The Court will deny Plaintiff's motion.

**I.   Background**

In his Amended Complaint, Plaintiff alleged that Barcklay was deliberately indifferent to Plaintiff's medical needs regarding his weak ankles and several ankle injuries he suffered in 2005. Plaintiff also alleged that Buffington was deliberately indifferent when she treated Plaintiff for what he described as stroke-like symptoms that were actually the result of Ramsey Hunt Syndrome (RHS). (Doc. #24.) Defendants moved for summary judgment on the grounds that (1) they were not deliberately indifferent to Plaintiff's medical needs and (2) they were entitled to qualified immunity.

The Court granted the motion as to Barcklay and Buffington. But because Plaintiff's motion for reconsideration addresses only the ruling regarding Buffington, the Court will summarize only that evidence.

Defendant, a nurse, provided evidence that she saw Plaintiff on June 21 and believed, based on his symptoms and her referral to the Merck Manual, that he had Bell's palsy and that she treated him with prednisone and recommended eye drops and provided him with an eye patch. (Doc. #92, Ex. A, Buffington Aff. ¶ 31.) The Merck Manual indicates that prednisone may reduce paralysis and expedite recovery and that it is important that steps be taken to prevent corneal drying; steps include eye drops and eye patches. (Id. ¶ 32.) She also offered evidence that she ordered an MRI, various x-rays, and lab tests, which the Merck Manual indicates are appropriate when the diagnosis is in doubt. (Id.) She saw Plaintiff again about a month later regarding stomach pain, which she did not consider to be related to the stroke-like symptoms but rather recurring abdominal problems. (Id. ¶ 39.) She also saw Plaintiff on August 2 and 18 regarding the stomach pain. (Id. ¶¶ 42-43.)

The Court granted summary judgment because Plaintiff did not meet his burden to provide admissible evidence from which a jury could infer that Defendant acted with deliberate indifference: that she both knew of and disregarded an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff alleged that on the first day that he presented with his stroke-like symptoms, Defendant did no testing and prescribed medication without ruling out other possibilities. But Plaintiff offered no evidence regarding what testing Defendant could have conducted on that first day. He did not dispute that she ordered an MRI, x-rays, and lab tests. The Court found that his allegation—that she "failed to realize" pain, dizziness, blisters and other symptoms—would not support a claim of deliberate indifference. He did not claim, much less prove, that the prednisone harmed him. Defendant attested, based on her personal knowledge, that she consulted the Merck Manual, which confirmed her initial assessment of Bell's palsy. Although Plaintiff claimed that Defendant did not consult the Manual, he did not state anything to indicate that he has personal knowledge of that fact.

Plaintiff alleged that Defendant refused to change her diagnosis and continued her course of treatment with prednisone despite his complaints of abdominal pain. He asserted

that after his June appointment, he complained about the symptoms and grieved the delay in diagnosis. The Court found that Plaintiff asserted for the first time in his Notice of Change of Circumstances that he complained of blisters. The Court also found that there was no evidence that Defendant knew of his complaints of pain other than what Plaintiff told her when she treated him. Defendant asserted that she believed the abdominal pain was related to other medical problems and that she requested a second opinion from a doctor and ordered additional tests. Plaintiff did not dispute that he had other medical problems relating to his stomach or claim that Defendant did not consult with a doctor or order testing.

Plaintiff attached numerous pages of medical literature regarding facial paralysis, Bell's palsy, and RHS that appeared to be internet printouts; Defendant objected, arguing that the documents were inadmissible hearsay. (Doc. #97 at 7.) The Court found that Plaintiff is not competent to attest to the medical evidence in his Declaration, and he provided no affidavit or deposition testimony of a medical expert. In addition, the Court noted that even if it were to consider these documents, they did not support a finding of deliberate indifference. Plaintiff's Example 20 states "Ramsey Hunt Syndrome results in symptoms that are in many respects identical to Bell's palsy. The symptoms are so alike that a diagnosis of Ramsey Hunt Syndrome can easily be missed." (Doc. # 95, Ex. 20.) Plaintiff's Example 21 notes that the window of opportunity to treat Bell's palsy with prednisone is seven days. (Id., Ex. 21 at 1.) Plaintiff's own evidence suggested that a misdiagnosis of Bell's palsy and administering prednisone would not be medically unreasonable.

In addition, Plaintiff offered no evidence to support an inference that Defendant had, in fact, concluded that Plaintiff was suffering from anything other than Bell's palsy. A misdiagnosis is not deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even if a jury were to believe Plaintiff's assertion that Defendant had alcohol on her breath when she first saw Plaintiff regarding this matter or denied a request to be seen by a doctor, that would at most, be evidence of negligence or gross negligence. Inadequate treatment due to malpractice or even gross negligence does not constitute an Eighth Amendment violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Finally, Plaintiff offered no admissible evidence to show that a delay in diagnosis or antiviral treatment, rather than the condition itself, resulted in harm to Plaintiff. See Rizzo v.

Goode, 423 U.S. 362, 371-72, 377 (1976).

In his motion for reconsideration, Plaintiff argues that his complaint of blisters was not made for the first time in his Notice of Change; he states that he complained throughout the litigation that he informed staff that the prednisone was not working and he complained of cysts to ADC officials and that at the final level of his appeal, the response was that herpes zoster is normally a symptom of Bell's palsy, which he claims is not true. (Doc. #117 at 1.) He claims that his evidence is admissible under Federal Rule of Evidence 803(18). He asserts that he told Buffington that his symptoms pointed to RHS and that she did not test for the zoster virus after he told her about RHS. Finally, he asserts that if the jury believed Buffington was drunk, it would reasonably be able to draw the inference that she did not act with the required duty of care.

## II.     Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. No. 1J, Multnomah County v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." ACandS, Inc., 5 F.3d at 1263. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the

original motion." Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has not presented any additional information to warrant reconsideration of the Court's previous order. See AcandS, Inc., 5 F.3d at 1263. Even assuming that Plaintiff complained of blisters, which he may be referring to as cysts, it is irrelevant. Plaintiff' own evidence shows that he did not come to suspect RHS until sometime later than his initial visits to Buffington. (Doc. #95, Ex. 1, Pl.'s Decl.¶¶ 17-21.) Although Plaintiff now claims that he told Buffington that his symptoms pointed to RHS, he did not make that assertion in his Declaration, and it is irrelevant because Plaintiff failed to establish that Buffington's treatment fell below the standard of care. (Id.) Plaintiff had the burden of proof on standard of care—he had to provide competent evidence that Buffington's treatment fell below the standard of care—and expert medical testimony is generally required to establish standard of care. See Gorney v. Meaney, 150 P.3d 799, 802 (Ariz. App. 2 Div. 2007) (the "factual basis" and "breach of duty" provisions of Ariz. Rev. Stat. § 12-2603 require a plaintiff's expert to state the factual basis of plaintiff's claim and list those acts the expert determined fell below the standard of care). It was incumbent upon Plaintiff to provide an affidavit or deposition of an expert to establish standard of care. See Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir. 1988) (granting summary judgment against a plaintiff who relied only on her own allegations and conclusory statements that defendants had been negligent and who failed to provide affidavits or depositions of experts). And because a medical expert is necessary to establish standard of care, even if a jury believed Plaintiff's claim that Buffington was drunk the first day she saw him, that would not establish the standard of care for treatment of Plaintiff's symptoms. Finally, the Court notes that Plaintiff's medical literature was not admissible under Rule 803 (18), which provides that treatises are admissible *to the extent called to the attention of an expert in direct or cross-examination.* Plaintiff provided no expert testimony.

Plaintiff has presented no newly discovered evidence, no mistake or surprise, no fraud by the adverse party, and no intervening change in controlling law. Consequently, reconsideration is not appropriate, and the motion will be denied.

///

1  **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #117) is **denied**.

2  **DATED this 22nd day of July, 2008.**

_____
Mary H. Murgua
United States District Judge